DOLLAR MOTORS, INC., Respondent, v. JEFFERSON CREDIT CORPORATION, Appellant.

First Department, October 25, 1960.

*Samuel Schwartz* of counsel (*Melvin C. Cohen* with him on the brief, *Rood & Schwartz,* attorneys), for appellant.

*Kenneth M. Stark* of counsel (*Bendes, Stark & Amron,* attorneys), for respondent.

McNALLY, J. The action is one for a judgment declaring the rights of the parties under the agreements between them dated, respectively, October 15, 1956 and April 17, 1957. Plaintiff-respondent is engaged in the business of selling automobiles at retail. Defendant-appellant is a finance company.

The agreement of October 15, 1956, provides, in substance, that upon the purchase by defendant of any promissory note and chattel mortgage or conditional sales contract incident to the sale of an automobile by the plaintiff, and in the event of any default thereafter in payment of any installment thereunder and the repossession of the automobile, then the plaintiff would repurchase the automobile at a price that would represent the entire unpaid balance less unearned finance charges together with cost of repossession of the automobile and the sale thereof, upon the offer or delivery of the automobile to the plaintiff, regardless of its condition.

The agreement of April 17, 1957 amplified but did not substantially alter the agreement of October 15, 1956. It provided that the amount to be paid by plaintiff in the event of a default by the retail purchaser, upon the offer or delivery of the automobile to plaintiff, was to be the sum paid by the defendant to the plaintiff plus the cost of repossession, the auctioneer's fees and earned insurance premiums and less sums paid by the purchaser to the defendant.

It appears more than 90 automobiles have been repossessed by the defendant by reason of defaults on the part of plaintiff's customers. In consequence thereof plaintiff was required pursuant to said agreements to repurchase the automobiles involved for the sums computed as stipulated in said agreements. Thereafter the plaintiff demanded of the defendant the notes and chattel mortgages delivered on the original sales of said automobiles. Defendant refused to comply with plaintiff's demand.

Plaintiff also demands an accounting with respect to recoveries obtained by settlement or otherwise against the defaulting purchasers.

The judgment appealed from declares that in respect of each repossessed automobile purchased by the plaintiff it is the sole owner of the cause of action against the defaulting retail purchaser, requires the defendant to deliver to the plaintiff the note and chattel mortgage securing the original sales price, and, in addition, requires the defendant to account to the plaintiff for all sums received from the defaulting purchaser.

By concession the defendant's interest in the claim against a defaulting retail purchaser is limited to defendant's charges for financing. The gross sales price to plaintiff's customer reflects defendant's finance charges which by operation of the agreement between the parties to this action were excluded in arriving at the sum required to be paid by the plaintiff on its purchase of a repossessed automobile.

It was not the intention of the parties, and it is not argued, that the payments made by the plaintiff to the defendant constitute satisfaction, in whole or in part, of the notes and chattel mortgages of the defaulting retail purchasers of the plaintiff. However, by force of the agreement between the parties, the defendant has been reimbursed by the plaintiff except to the extent of defendant's finance charges.

The legal title to the defaulted notes and the mortgages securing payment thereof do not pass to the plaintiff until the defendant has been fully paid. (*Coe* v. *Cassidy*, 72 N. Y. 133; *McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92, 95.)

In order for defendant to have full payment, defendant, in addition to the sums received from the plaintiff, must be paid the finance charges involved. Upon the payment or tender by plaintiff to defendant of the balance owing to the latter, that is the finance charges, the plaintiff is entitled to receive the delivery and assignment of the note and chattel mortgage or other accompanying documents and to become vested with the right of action for the balance owing thereunder by any defaulting obligor. In equity, the plaintiff should have the right to make such payment or tender to the defendant and become vested with all rights as against any such defaulting obligor.

The judgment should be modified, on the law and on the facts, by deleting therefrom the first, second, third, fourth, fifth and sixth decretal paragraphs and substituting therefor the following:

Under the agreements between the parties dated October 15, 1956 and April 17, 1957, title to each defaulted note and chattel mortgage resulting in the purchase by the plaintiff of the repossessed automobile is in the defendant. Upon payment

or tender of defendant's finance charge, within 60 days after notice of entry of judgment hereon, plaintiff is entitled to an assignment of all right, title and interest of the defendant in and to any balance owing on any such note, chattel mortgage and accompanying documents, together with a delivery of the same, if defendant has the same; and, thereupon, the plaintiff shall be vested with the right to recover any balance still owing by the obligor or obligors thereon.

Upon any purchase of a repossessed automobile by the plaintiff from the defendant which may be hereafter made pursuant to the terms of the afore-mentioned agreements, the plaintiff, upon paying or tendering to the defendant at the time of such purchase the amounts due to the defendant pursuant to such agreements plus the finance charges, shall be entitled to an assignment of any note, chattel mortgage and accompanying documents and be vested with the right to recover the balance owing by the obligor or obligors thereon.

The judgment, as so modified, should be affirmed, without costs. Settle order.

RABIN, J. P., STEVENS and EAGER, JJ., concur.

Judgment unanimously modified, on the law and on the facts, without costs, by deleting therefrom the first, second, third, fourth, fifth and sixth decretal paragraphs and substituting therefor the following: Under the agreements between the parties dated October 15, 1956 and April 17, 1957, title to each defaulted note and chattel mortgage resulting in the purchase by the plaintiff of the repossessed automobile is in the defendant. Upon payment or tender of defendant's finance charge, within 60 days after notice of entry of judgment hereon, plaintiff is entitled to an assignment of all right, title and interest of the defendant in and to any balance owing on any such note, chattel mortgage and accompanying documents, together with a delivery of the same, if defendant has the same; and, thereupon, the plaintiff shall be vested with the right to recover any balance still owing by the obligor or obligors thereon. Upon any purchase of a repossessed automobile by the plaintiff from the defendant which may be hereafter made pursuant to the terms of the afore-mentioned agreements, the plaintiff, upon paying or tendering to the defendant at the time of such purchase the amounts due to the defendant pursuant to such agreements plus the finance charges, shall be entitled to an assignment of any note, chattel mortgage and accompanying documents and be vested with the right to recover the balance owing by the obligor or obligors thereon. Settle order on notice.